IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLA LOVATO,**

       Plaintiff,

vs.                                                                   No. CIV 99-1431 LCS

**G.D.P. INC, d/b/a**
**HOLIDAY SPIRIT/LAS VEGAS;**
**ZIA FACTORY OUTLET;**
**LAS VEGAS MOBILE HOMES;**
**SANTA FE MOBILE HOMES; and**
**HOLIDAY SPIRIT/ARROYO SECO;**
**CONTRACTOR BONDING AND INSURANCE CO.;**
**and AMERICAN STATES INSURANCE COMPANY,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant Contractor Bonding and Insurance Company's (CBIC) Motion to Dismiss (Doc. 10), filed January 26, 2000. The Court has reviewed the motion and memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion is well-taken and should be granted.

Plaintiff brought this action under the Truth in Lending Act and state law, seeking redress from alleged irregularities arising out of a mobile home she purchased from Defendant G.D.P., Inc. d/b/a/ Santa Fe Mobile Homes, Holiday Spirit Mobile Home Sales, and Las Vegas Mobile Homes (GDP). CBIC is the surety for Defendants GDP pursuant to Dealer's Consumer Protection Bonds (Bonds) issued pursuant to the New Mexico Manufactured Housing Act (Act).

The Act provides that the Manufactured Housing Division (Division), may by regulation require all mobile home dealers to provide a consumer protection bond to indemnify for any loss sustained by any person damaged as a result of dealer's fraud, misrepresentation or violation of the Act. NMSA 1978, § 60-14-6(A) (1997). The Act authorizes the Division to adopt regulations relating to the sale of mobile homes. NMSA 1978, § 60-14-4(D). The Division has promulgated regulations providing that each dealer must maintain consumer protection bonds with the Division equal to the number of locations at which the dealer does business. 14 N.M.A.C. 12.2.30.1. The regulations state that the bond indemnifies for any loss sustained by the consumer as a result of certain actions of the dealer. 14 N.M.A.C. 12.2.30.2.

The regulations also provide for an administrative procedure by which a person claiming to be injured may seek to obtain indemnity from a bond. 14 N.M.A.C. 12.2.42.1. This section allows for an informal resolution process. 14 N.M.A.C. 12.2.42.2.4. If the complaint is not completely resolved informally, the Division may proceed with formal disciplinary action in accordance with the Uniform Licensing Act, NMSA 1978, §§ 61-1-1, et seq. 14 N.M.A.C. 12.2.42.3.

In her response, Plaintiff does not dispute that she failed to follow the procedures set out by the Division's regulations with respect to her claim against CBIC. Plaintiff instead argues that she is entitled to join CBIC because it provided the bond pursuant to legislative mandate, citing to Raskob v. Sanchez and Allstate Insurance Co., 126 N.M. 394, 970 P.2d 580, 1998-NMSC-045 (1998) and England v. New Mexico State Highway Comm., 91 N.M. 406, 970 P.2d 580 (1978).[1] These authorities address the issue of whether an insurance company may be joined as a party

---

[1] The undersigned is familiar with *England* as he represented the Plaintiff in that case.

2

defendant. These cases do not consider the issue of exhaustion of administrative remedies. While Plaintiff correctly notes that the Act states that a claimant may file a court complaint against a dealer, she does not refer to any authority that allows direct court action against the surety company. The Act's reference to the Unfair Practices Act does not confer jurisdiction to collect on the bond, it merely clarifies that an entity licensed under the Act may be subject to liability for violation of the Unfair Practices Act. NMSA 1978, 60-14-19 (C). Plaintiff failed to refute CBIC's jurisdictional argument. Under these circumstances, I find Plaintiff's claim is barred due to her failure to exhaust administrative remedies and that CBIC's Motion to Dismiss should be granted.

WHEREFORE, IT IS ORDERED that CBIC's Motion to Dismiss (Doc. 10), filed January 26, 2000, is **granted.**

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE